[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' OBJECTION TO PLAINTIFF'S CLAIM FOR A JURY TRIAL AND MOTION TO REMOVE FROM THE JURY DOCKET
This civil action has two counts remaining; the first count claiming wrongful termination under the Whistleblower Act, General Statute §31-51m and count four against an individual defendant alleging defamation.
Defendants argue that the case was not claimed as a jury case within the time prescribed by Gen. Stats. § 52-215 and, therefore, pursuant to § 51-239b, the plaintiff waived her right to a jury. Further, defendants assert that the claimed violation of the Whistleblower Act is not properly to be tried before a jury since it is a statutory cause of action not having its origins in the common law and entitled to a jury trial in 1880.
Plaintiff does not dispute that the issues were joined in this case on January 6, 2000 and that the claim for jury trial was not filed until August 30, 2001, far beyond the time prescribed by Gen. Stats. §52-215, which provides that jury claims may be filed within ten days after the issues of fact are joined. Plaintiff argues that the court has discretionary jurisdiction pursuant to § 52-215 to assign a case as a jury case pursuant to the statutory language which provides ". . . any such case may at any time be entered in the docket as a jury case by the clerk, upon written consent of all parties or by order of the court." The defendants assert that the plaintiff missed her time to file a jury claim as of right and it is therefore improperly on the jury list and that the plaintiff should be precluded from asking the court to assign the case as a jury trial because the defendants have now objected to the case being assigned as a jury case and have moved that it be removed from the list. The defendants quote Judge Silbert's holding that, "a party that neglects to file its jury claim in timely fashion, does so at its peril. The 10-day rule is clear and straightforward. In most cases it should be . . . and has been . . . strictly enforced . . ." Dietz v.Yale-New Haven Hosp., Inc., 1998 WL 376011 (Silbert, J. 1998). Judge Silbert has correctly stated the law. In most cases, such a late filing of a jury claim has not been allowed.[1] Plaintiff seeks to rely on other facts in this case, which she claims favor her position. In March 2001 when the defendants moved the case be transferred CT Page 6622 to the Complex Litigation Docket, the defendants' application certified that the pleadings had not been closed and that it had "not yet [been] determined" if the case was to be claimed for a jury trial.
Defendants did not object to the jury claim until March 2002.[2] The plaintiff claims that the defendants did not believe that the pleadings were closed in March of 2001, and that they are not in any way prejudiced by having the case now assigned for a jury trial. The defendants agree that it cannot articulate any particular prejudice other than the fact that they would prefer to have the case tried by the court while the plaintiff would prefer to have it tried by a jury and, the plaintiff, who had the choice, missed her opportunity. Defendants now seek to hold plaintiff to the waiver provided by Gen. Stats. § 51-239b.[3]
Even if the plaintiff is correct that she may have somehow been misled or lulled into inaction by the statements, presumably innocently made by the defendants in connection with their application to transfer the case to the Complex Litigation Docket, had she then claimed a jury, the claim would be 14 months late and if defendants had moved to have the case removed from the jury list in March of 2001, they would have been on firm ground to do so. The initial Scheduling Order dated July 6, 2001 sent to all counsel indicate the pleadings are closed. The clerk's notes from the initial case status conference in July 2001 indicate that the pleadings are closed and make no reference to a jury selection date but only an approximate date for "start of evidence." The time of the jury claim was almost two months after the case conference when it was reported the pleadings were closed, far longer than the ten days provided by §52-215. To now permit plaintiff to have a jury would render meaningless the provisions of Gen. Stats. § 51-239b.
Accordingly, the defendants' motion is granted and the matter is stricken from the jury list. Trial will proceed before the court as scheduled. Because of this ruling, there is no need to address defendants' claim that count one is to be tried to the court and not to a jury.[4]
_________________ McLachlan, J.